# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

B. MACON,  )
        Plaintiff,  )
v.  )  Civil Action No. 3:10CV260-HEH
E.I. DUPONT,  )
        Defendant.  )

## MEMORANDUM OPINION
### (Granting Defendant's Partial Motion to Dismiss)

This is an action, filed *pro se*, under Title VII of the Civil Rights Act of 1984, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981, alleging what appears to be a series of claims of racial discrimination. The case is presently before the Court on the Defendant's Partial Motion to Dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Defendant contends that significant portions of the claims are time barred. The Defendant has filed a Memorandum of Law supporting its Motion. The Plaintiff, despite receiving a *Rosoboro* notice, has failed to reply. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid in the decisional process. For the reasons discussed below, the Defendant's Partial Motion to Dismiss will be granted.

The Complaint in this case consists of a chronology of purported adverse employment actions taken against the Plaintiff by the Defendant E.I. DuPont. The

Complaint describes 50 enumerated events extending from July 7, 1997 through August 18, 2008. As presented, the enumerated paragraphs are neither divided into discrete counts nor aligned with any well-defined claim. The only suggestion that the paragraphs support a specific legal action is a page attached to the front of Defendant's copy of the Complaint. (Def.'s Mem. Supp. Partial Mot. Dismiss, Ex. 1.) This page, which was not filed as part of Plaintiff's Complaint, recites the following paragraph:

> This serves as my viable cause of action against DuPont before the U.S. District Court for the Eastern District of Virginia under the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (2007) ("Title VII") and 42 U.S.C. §1981 ("§1981") that DuPont Spruance discriminatorily lowered my performance ratings because I am of African American race, thereby causing me to not be selected for the promotions and assignments that I applied for.

Because of the unartful method in which Plaintiff has presented his alleged cause of action, the Defendant is unable to focus its Motion on specific counts of the Complaint. Although many numbered paragraphs contained specific references to dates, others do not. Therefore, the Defendant's Partial Motion to Dismiss addresses the text of the Complaint generally, in essence urging the Court to find that any purported adverse job action occurring outside the applicable statute of limitations be precluded as an independent cause of action. The Court is mindful that *pro se* complaints are entitled to a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006).

The Complaint in this case was filed on April 21, 2010. After obtaining an extension of time for service, it was received by the Defendant on November 18, 2010. (Def.'s Mem. Supp. Partial Mot. Dismiss, Ex. 2.) Plaintiff filed a charge with the Virginia Human Rights Council on September 5, 2008. (*Id.* at 3.)

The statute of limitations for claims under Title VII (42 U.S.C. § 2000e) and the Civil Rights Act (42 U.S.C. § 1981) are well settled. With respect to Title VII, a plaintiff must exhaust his administrative and state remedies by filing a charge with the Equal Employment Opportunity Commission within 180 days of the alleged misconduct or, in the case of Virginia residents, with the Virginia Human Rights Council within 300 days of the last act of alleged discrimination. *See Williams v. Giant Food, Inc.*, 370 F.3d 423, 428 (4th Cir. 2004).

"Because Virginia is a 'deferral state,' [plaintiff] had 300 days from the last date of discrimination to file a charge with the EEOC." *Edelman v. Lynchburg Coll.*, 300 F.3d 400 (4th Cir. 2002) (citing *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 439–42 (4th Cir. 1998).[1] Therefore, since Plaintiff filed his administrative charge on September 5, 2008, the statute of limitations for Title VII actions bars claims predicated on discrete acts of discrimination occurring before November 10, 2007. *See White v. BFI Waste Servs.*, 375 F.3d 288, 292 (4th Cir. 2004). "In [*AMTRAK v. Morgan*, 536 U.S. 101, 122 S. Ct. 2061 (2002)], the Supreme Court held that . . . a Title VII plaintiff seeking to recover for discrete acts of alleged discrimination may complain only of those acts that occurred within the relevant limitations period . . . ." *White*, 375 F.3d at 292.

Turning next to the Civil Rights Act component of Plaintiff's Complaint, claims arising under the 1991 amendments to Section 1981 are governed by a four-year statute of limitations. *See* 28 U.S.C. § 1658(a); *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S.

---

[1] "Virginia is a deferral state because the [Virginia Human Rights Council] possesses 'authority to . . . seek relief from' the alleged unlawful employment practice." *Edelman*, 300 F.3d at 404 n.3.

3

369, 382, 124 S. Ct. 1836, 1845 (2004). The Defendant concedes that the four-year statute of limitations applies in this case. Therefore, any discrete act of discrimination that Plaintiff is relying upon to support a claim occurring before April 21, 2006 is time barred. *White*, 375 F.3d at 291–92.

For the foregoing reasons, the Defendant's Partial Motion to Dismiss will be granted. Any discrete acts of discriminatory conduct aleged in the Plaintiff's Complaint which occurred outside of the applicable statutes of limitations will be barred as a basis to support a claim under either Title VII or Section 1981.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Jan. 18, 2011
Richmond, VA

4