IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

B. MACON,

        Plaintiff,

v.                                                  Civil Action No. 3:10cv260

E.I. DUPONT,

        Defendant.

## MEMORANDUM OPINION

Before the Court is Plaintiff B. Macon's second Motion for Jury Trial and Memorandum in Support.[1] (Docket No. 29.) Defendant E.I. DuPont ("DuPont") has responded (Docket No. 30), and Macon has replied (Docket No. 32). For the reasons that follow, the Court DENIES Macon's second Motion for Jury Trial.

## I. Procedural Background

On April 21, 2010, Macon filed his Complaint against DuPont, asserting various claims under Title VII[2] of the Civil Rights Act and pursuant to 42 U.S.C. § 1981. (Docket No. 1.) Macon failed to timely serve DuPont, but thereafter the Court granted an extension of time to serve the Complaint. (Docket No. 5.) On November 18, 2010, Macon served the Complaint on

---

[1] The Court notes that Macon's Motion for Leave to file an Amended Complaint (Docket No. 33) is also pending. The Court will address this motion in a separate forthcoming Memorandum Opinion or Order.

[2] 42 U.S.C. § 2000e *et seq.*

DuPont. On December 23, 2010, DuPont filed a timely Answer, certifying that a copy of the pleading was served on Macon via certified mail.[3] (Docket No. 13.)

The Complaint as filed on April 21, 2010 did not contain a demand for a jury trial, and Macon failed to make a demand for a trial by jury within fourteen days after being served with the Answer.

On January 27, 2011, Macon filed his first Motion for Jury Trial, citing a Virginia state statute as authority. (Docket No. 20.) This motion was denied without prejudice on February 15, 2011, as Macon failed to follow the applicable Local Rules and failed to cite applicable federal law. (Docket No. 28.)

On February 16, 2011, Macon filed a second Motion for Jury Trial and Memorandum in Support, requesting a jury trial pursuant to the Seventh Amendment.[4] (Docket No. 29.) In

---

[3] The Complaint served on DuPont contained an extra page that was not filed with this Court. Pursuant to a February 15, 2011 Order, an Amended Complaint including the missing page was deemed filed *nunc pro tunc* as of the date of the Complaint. Because DuPont's Answer already responded to the extra page, the Answer was deemed responsive to the Amended Complaint.

[4] The Seventh Amendment states:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

U.S. Const. amend. VII.

Macon's reply brief, he clarifies that he requests a jury trial pursuant to Federal Rules of Civil Procedure 38[5] and 39(b).[6]

## II. Analysis

### A. Timeliness of Macon's Jury Request

While the Seventh Amendment preserves a right to trial by jury, the parties still bear the responsibility of making a proper demand as required by the Federal Rules of Civil Procedure. *Gen. Tire & Rubber Co. v. Watkins*, 331 F.2d 192, 195 (4th Cir.), *cert. denied*, 377 U.S. 952

---

[5] Federal Rule of Civil Procedure 38 states in relevant part:

(a) Right Preserved. The right of trial by jury as declared by the Seventh Amendment to the Constitution - or as provided by a federal statute - is preserved to the parties inviolate.

(b) Demand. On any issue triable of right by a jury, a party may demand a jury trial by:

(1) serving the other parties with a written demand — which may be included in a pleading — no later than 14 days after the last pleading directed to the issue is served. . . .

. . . .

(d) Waiver; Withdrawal. A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent.

Fed. R. Civ. P. 38.

[6] Federal Rule of Civil Procedure 39(b) provides:

(b) When No Demand Is Made. Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury trial might have been demanded.

Fed. R. Civ. P. 39(b).

(1964). If a proper demand is not made, the right is waived. *Id.* Federal Rule of Civil Procedure 38 requires a party to demand a trial by jury by serving a written demand upon the other party no later than fourteen days after service of the last pleading. Fed. R. Civ. P. 38(b). A party waives a jury trial unless its demand is properly served and filed. Fed. R. Civ. P. 38(d). Additionally, the Local Rules for the Eastern District of Virginia provide that any demand for jury in a civil action must be filed strictly in accordance with Federal Rule of Civil Procedure 38. E.D. Va. Loc. Civ. R. 38.

Macon contends that his first Motion for Jury Trial was timely because he filed the motion within fourteen days of *his receipt of* DuPont's Answer. (Pl.'s Reply 5.) However, Rule 38 requires that a party file a motion within fourteen days of being *served* with the last pleading. Fed. R. Civ. P. 38(b). Federal Rule of Civil Procedure 5(b) provides that a paper is served when it is mailed to the last known address of the recipient, and that service is complete upon mailing. *See United States v. Wright*, No. 00-4030, 2000 WL 1846340, at * 2 (4th Cir. Dec. 18, 2000) ("Because service is complete upon mailing, non-receipt of the information does not affect the validity of service."). On December 23, 2010, DuPont certified that it mailed, and thus served, Macon with its Answer. Macon has produced no evidence rebutting the presumption of service of the Answer on December 23, 2010.[7] *Id.* Accordingly, Macon did not meet the requirements of Rule 38(b) when he demanded a trial by jury over a month after being served with the Answer.

---

[7] The only explanation Macon provides for the non-receipt of DuPont's Answer is the following: "During December 23, 2010 (The Holiday Season) the Plaintiff was traveling and did not receive the Defendant's Answer to the Complaint at this time." (Pl.'s Reply 5.) This explanation is insufficient to rebut the presumption of service. Further, having considered the factors articulated in *Pioneer Investment Services Co. v. Brunswick Associates Ltd.*, 507 U.S. 380, 395 (1993), this explanation fails to sustain a finding of excusable neglect pursuant to Federal Rule of Civil Procedure 6(b).

Because Macon's request was untimely, the Court will DENY his motion for a jury trial pursuant to Rule 38(b).

### B. Court's Discretion to Grant Motion for Jury Trial Notwithstanding Waiver Thereof Under Federal Rule of Civil Procedure 39(b)

Macon also requests this Court to exercise its discretion in ordering a jury trial pursuant to Federal Rule of Civil Procedure 39(b). Rule 39(b) states that "[i]ssues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). "'[T]he decision to grant a jury trial pursuant to Rule 39(b) is committed to the discretion of the trial court . . . .'" *Malbon v. Pa. Millers Mut. Ins. Co.*, 636 F.2d 936, 940 (4th Cir. 1980).

The relevant factors to be considered in granting Rule 39(b) relief are: (1) the appropriateness of the issues for trial by jury; (2) the prejudice to the opposing party; (3) the timeliness of the motion; and, (4) the effect of granting the motion on the orderly administration of justice. *Id.* at 940 n.11. Courts may also consider the justifiability of the delay in requesting a jury trial. *Gelardi v. Transamerica Occidental Life Ins. Co.*, 163 F.R.D. 495, 496 (E.D. Va. 1995); *Vannoy v. Cooper*, 872 F. Supp. 1485, 1486, 1489 (E.D. Va. 1995). "District courts should grant motions seeking trial by jury only when some exceptional circumstance justifies the party's failure to file a demand in conformance with [Federal Rule of Civil Procedure] 38(b)." *Smith v. Estes Express*, No. 3:08cv574, 2009 WL 366586, at *1 (E.D. Va. Feb. 12, 2009) (*citing Jones v. Boyd*, 161 F.R.D. 48, 50 (E.D. Va. 1995)). The Court now considers whether to grant the motion under the factors articulated in *Malbon*.

### 1. *Malbon* Factor One: Propriety of Issues for Trial by Jury

In suits involving issues that are complicated and difficult, the United States Court of Appeals for the Fourth Circuit has upheld the refusal to exercise Rule 39(b) discretion. *Gen. Tire & Rubber Co.*, 331 F.2d at 192. Alternatively, "[i]f the issues in the case are primarily factual, then this factor weighs in favor of granting the motion." *Estes Express*, 2009 WL 366586, at *1. Several districts within this Circuit have recognized the sophisticated nature of Title VII claims in general, while others have found that not all Title VII claims are complex. *See, e.g., Steward v. Gwaltney of Smithfield, Ltd.*, 954 F. Supp. 1118, 1120 (E.D. Va. 1996) (refusing to require that an attorney be appointed for a plaintiff where the Title VII issues in a case were not overly complex); *McKee v. AMAF Indus., Inc.*, No. HM79-1824, 1982 WL 393, at *3 (D. Md. Sept. 10, 1982) (observing that attorneys practicing in the Title VII field must acquire and maintain an understanding of the law in a complex and dynamic discipline). Given the varied nature of Title VII claims as recognized in this Circuit, this factor does not add significantly to the balancing equation.[8]

### 2. *Malbon* Factor Two: Prejudice to DuPont

Throughout the course of this suit, Macon has been granted lenient pleading and procedural standards, given his *pro se* status. Granting Macon's second Motion for Jury Trial solely in light of his *pro se* status would be prejudicial to DuPont, because Macon is not entitled to unduly special treatment regarding his obligation to comply with federal procedural rules. *See*

---

[8] In his motion, Macon asserts that "this case heard in a jury trial will provide the Plaintiff an opportunity to provide real evidence." (Pl.'s second Mot. for Jury Trial 10.) The Court notes that in whatever form this case is heard, Macon will have a full opportunity to present evidence in a fair and efficient manner.

*Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (stating that *pro se* litigants are "subject to the time requirements and respect for court orders without which effective judicial administration would be impossible"); *McDonald v. Head Criminal Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) ("[W]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders."). Macon's failure to observe rules governing federal procedure acquires a cumulative effect in the form of increased time demands and legal fees for DuPont.

Additionally, the parties are well into the discovery phase of this litigation, and discovery concludes on May 20, 2011, except by further order of the Court. To allow for a jury trial at this stage of discovery would prejudice DuPont, in that preparation and strategy required for bench and jury trials can vary greatly. This Court thus believes factor two weighs in favor of DuPont.

### 3.     *Malbon* Factor Three:  Timeliness of the Motion

Macon filed the instant motion on February 16, 2011, forty-one days after the jury trial demand deadline. This factor thus weighs in DuPont's favor. *Cf. Vannoy*, 872 F. Supp. at 1490 (declining to exercise Rule 39(b) discretion where five weeks elapsed between pretrial conference and plaintiff's filing motion for jury trial); *Gelardi*, 163 F.R.D. at 496-97 (denying motion for jury trial based on lack of justification for delay and effect on court's docket where five weeks elapsed between pretrial conference and filing of motion, and plaintiff had twice affirmatively consented to bench trial).

### 4.     *Malbon* Factor Four:  Effect on Orderly Administration of Justice

A consideration of the effect of routinely granting Rule 39(b) motions on the overall effectiveness of the court's docketing system leads this Court to conclude that granting such

7

motions generally reduces the effectiveness of the Court's docketing and scheduling system. *See Gelardi*, 163 F.R.D. at 497. Accordingly, factor four weighs in DuPont's favor.

### 5. Justification for Delay in Filing Motion for Jury Trial

Macon suggests that, because of travel commitments during the holiday season, he did not receive the Answer, and was therefore unable to file an appropriate timely jury demand. Macon's justification is not overly convincing. First, although the Court does not expect *pro se* litigants to know norms in litigation, the Court notes that jury demands most frequently accompany the Complaint itself. Macon filed his first Complaint on April 21, 2010, nearly one year ago. Although the Complaint was not served for months, the Court notes that Macon had his case before this Court for an ample period of time to allow for amendment regarding a jury trial before the deadline passed. He cannot rest his justification for delay in the final moments of opportunity. Furthermore, this Court must again keep in mind that *pro se* litigants are "subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." *Ballard*, 882 F.2d at 96. Considering Macon's justification together with the general importance of time requirements, this Court determines that this factor weighs against Macon.

### 6. Conclusion on Macon's Rule 39(b) Motion

Application of the above factors here counsels against granting Macon's motion. Thus, the Court will DENY Macon's second Motion for a Jury Trial pursuant to Rule 39(b).

## III. Conclusion

For the foregoing reasons, the Court will DENY Macon's second Motion for Jury Trial (Docket No. 29.)

An appropriate Order will issue.

/s/ M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: May 11, 2011