IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

B. MACON,

       Plaintiff,

v.                                                                   Civil Action No. 3:10cv260

E.I. DUPONT,

       Defendant.

## MEMORANDUM OPINION

Before the Court is Plaintiff B. Macon's Motion for Leave to File Amended Pleading ("Motion to Amend"). (Docket No. 33.) Defendant E.I. DuPont ("DuPont") has responded. (Docket No. 35.) Neither party sought a hearing, and the Court has determined that oral argument would not aid the decisional process. Accordingly, this matter is ripe for disposition. The Court exercises jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 636(c). For the reasons that follow, the Court will GRANT IN PART and DENY IN PART Macon's Motion to Amend.

### I. Procedural Background

On April 21, 2010, Macon, proceeding pro se, filed his Complaint against DuPont, asserting various claims of racial discrimination and disparate treatment under Title VII[1] of the Civil Rights Act and pursuant to 42 U.S.C. § 1981. (Docket No. 1.) Macon failed to timely serve DuPont, but thereafter the Court granted an extension of time to serve the Complaint.

---

[1] 42 U.S.C. § 2000e *et seq.*

(Docket No. 5.) On November 18, 2010, Macon served the Complaint on DuPont.[2] DuPont filed a timely Answer. (Docket No. 13.)

DuPont also filed a Partial Motion to Dismiss, arguing that many of the discrete acts of discrimination alleged in Macon's Complaint were time barred under the applicable statutes of limitations. (Docket No. 9.) On January 18, 2011, the Court granted DuPont's Partial Motion to Dismiss and dismissed Macon's Title VII claims predicated on discrete acts of discrimination occurring before November 10, 2007 and Macon's § 1981 claims predicated on discrete acts occurring before April 21, 2006 for failure to comply with the applicable statutes of limitations. (Jan. 18, 2011 Order.) (Docket No. 18.)

On February 10, 2011, the parties agreed, in the interest of judicial economy, to a discovery period followed by a briefing schedule. The Court thus ordered that discovery be completed not later than May 20, 2011, except by order of the Court, and that all dispositive motions be filed by June 3, 2011. (Feb. 15, 2011 Order.) (Docket No. 25.) Accordingly, a trial in this matter has yet to be scheduled, and instead this Court scheduled a hearing on any pending dispositive motions for July 14, 2011. (Feb. 15, 2011 Order.)

On March 17, 2011, Macon filed his Motion to Amend, asserting that he "wishes to amend his Complaint to specify the allegations, narrow the scope of the Complaint, and state [a] claim upon which relief can be granted." (Pl.'s Mot. for Leave to File Am. Pleading ("Pl.'s Mot. to Amend") 4.) While the proposed amended complaint largely contains the same factual

---

[2] The Complaint served on DuPont contained an extra page that was not filed with this Court. Pursuant to a February 15, 2011 Order, an Amended Complaint including the missing page was deemed filed *nunc pro tunc* as of the date of the Complaint. Because DuPont's Answer already responded to the extra page, the Answer was deemed responsive to the Amended Complaint.

2

allegations as Macon's Complaint, the proposed amended complaint asserts five causes of action, two of which were asserted in Macon's Complaint and three of which are entirely new causes of actions. (Pl.'s Mot. to Amend Ex. 1 ("Proposed Am. Compl.").)

DuPont contends that allowing amendment would be futile because the new causes of action asserted would not survive a motion to dismiss. (Def.'s Response in Opp'n to Pl.'s Mot. for Leave to File Am. Pleading ("Def.'s Resp. Opp'n") 1.) DuPont also asserts that allowing amendment would "significantly and unfairly prejudice DuPont by, among other reasons, requiring it to incur the expense of moving to dismiss such new claims." (Def.'s Resp. Opp'n 1-2.)

## II. Standard of Review

Federal Rule of Civil Procedure 15(a) instructs that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court of the United States has instructed courts to "heed" this mandate, holding that amendments should be freely allowed in the absence of considerations such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) ("A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile."). Further, delay alone cannot sustain the denial of a motion seeking leave to amend, so long as such delay is not accompanied by prejudice, bad faith, or futility. *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999); *Smith v. Angelone*, 111 F.3d 1126, 1134 (4th Cir. 1997).

## A. Futility of Amendment

Leave to amend should be denied on the ground of futility only when the proposed amendment is clearly insufficient or frivolous on its face. *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980). A court should deny a motion to amend as futile if the amended complaint could not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (*citing Glick v. Koenig*, 766 F.2d 265, 268-69 (7th Cir. 1985)); *Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 420-21 (4th Cir. 1990) ("There is no error in disallowing an amendment when the claim sought to be pleaded by amendment plainly would be subject to a motion to dismiss under [Rule] 12(b)(6)."). Dismissal of a complaint under Rule 12(b)(6) is proper only where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A plaintiff must state a claim that is "plausible on its face," rather than "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). If amendment would not be futile, a plaintiff generally should be afforded the opportunity to test his claim on the merits. *Foman*, 371 U.S. at 182.

## B. Prejudice to the Defendant

A court evaluates the prejudicial effect of an amendment by looking at the nature of the amendment and its timing. *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). An amendment is not prejudicial if it merely adds an additional theory of recovery to the facts already pled. *Id.* Where the defendant has notice of the events giving rise to the action at the outset, allowing an

amendment under the same theory of the case does not prejudice the preparation of the defendant's case, and should be allowed. *See Davis*, 615 F.2d at 613.

### III. Analysis

Macon's proposed amended complaint asserts five counts against DuPont, only two of which were asserted in Macon's original Complaint. The Court notes that the proposed amended complaint provides more clarity for the scope of Macon's claims and specifically divides Macon's claims into cognizable counts. Although, as discussed below, allowing amendment would be futile as to some of Macon's proposed causes of action, the Court finds that the parties would largely benefit from the clarity and specificity provided by the proposed amended complaint. The Court will thus fashion a remedy that will allow Macon to file his proposed amended complaint to the extent that it would not be futile but will also minimize any resulting prejudice to DuPont. The Court will now discuss whether amendment should be allowed as to each individual proposed count.

### A.     Counts 1 and 2: Disparate Treatment and Racial Discrimination

Count 1 of the proposed amended complaint alleges disparate treatment due to race based on the conduct alleged in paragraphs 8 through 34, in violation of Title VII and § 1981. (Proposed Am. Compl. ¶ 40.) Based on the conduct alleged in the same paragraphs, Count 2 asserts that a pattern, practice, custom and usage by DuPont resulted in acts that "discriminatorily lowered [Macon's] performance ratings because he is African American, thereby causing him to not be selected for either of the approximate[ly] 15 promotions and/or assignments for which he applied," in violation of Title VII and § 1981. (Proposed Am. Compl. ¶ 41.) Because it would be both confusing and duplicative, this Court cannot allow both counts to proceed under both

Title VII and § 1981. Thus, the Court will allow Count 1 to proceed as to disparate treatment due to race based on the conduct alleged in paragraphs 8 through 34 and in violation of Title VII. Likewise, Macon may proceed on Count 2 only as to discriminatory treatment due to race based on the conduct alleged in paragraphs 8 through 34 and in violation of § 1981.

These proposed counts mirror the claims originally asserted in Macon's Complaint. DuPont, however, contends that amendment would be futile because some of the discrete acts Macon bases these claims on occurred beyond the respective statute of limitations periods for Title VII and § 1981. On January 18, 2011, the Honorable Henry E. Hudson dismissed Macon's Title VII and § 1981 claims to the extent they are barred by the applicable statutes of limitations. Macon cannot reintroduce previously dismissed claims.

Thus, Macon's Title VII claim under Count 1 of the proposed amended complaint may proceed, but only those aspects of the claim not predicated on discrete acts of discrimination occurring before November 10, 2007. As to Count 2, Macon's claim under § 1981 may proceed, but only to the extent that the claim is not predicated on discrete acts of discrimination occurring before April 21, 2006. Given this prescription, amendment would not be futile, nor prejudicial to DuPont.

### B.   Count 3: Defamation

In Count 3, Macon seeks to add a state law defamation claim against DuPont and three employees, asserting that Macon applied for various promotions and that these employees made malicious defamatory statements about Macon to personnel involved in the promotion decision-making process. (Proposed Am. Compl. ¶ 42.) The most recent defamatory statement alleged in the proposed amended complaint occurred in 2008.

Under Virginia law, a claim for defamation must "be brought within one year after the cause of action accrues." Va. Code 8.01-247.1. A cause of action for defamation accrues upon publication. *Bass v. E.I. DuPont De Nemours & Co.*, 28 F. App'x 201, 206 (4th Cir. 2002). Because Macon did not file his original Complaint until April 21, 2010, the statute of limitations period has already run for this defamation claim, and the statute of limitations bars this claim. The Court thus finds that allowing amendment to include Count 3 would be futile because this claim would not survive a motion to dismiss. The Motion to Amend to include this new Count 3 is DENIED.

### C.     Count 4: Retaliation

Count 4 of the proposed amended complaint alleges retaliation in violation of Title VII. (Proposed Am. Compl. ¶ 43.) Specifically, Macon contends that after he submitted a formal complaint of race discrimination in August 2008, DuPont took adverse action against him by lowering his performance rating in December 2008.[3] (Proposed Am. Compl. ¶¶ 34-35, 43.)

DuPont contends that amendment would be futile, arguing that a poor performance evaluation cannot constitute an adverse employment action, an element of his retaliation claim, unless Macon's employment conditions were detrimentally altered as a result. However, "[a] 'downgrade of a performance evaluation *could* effect a term, condition, or benefit of employment' if it has a tangible effect on the terms or conditions of employment." *James v.*

---

[3] The Court liberally construes Count 4 to be a retaliation claim, not a hostile work environment claim. Although Count 4 contains the phrase "hostile work environment," no allegations in the proposed amended complaint suggest a sufficiently severe or pervasive pattern of harassment to constitute a hostile work environment. *See Causey v. Balog*, 162 F.3d 795, 801 (4th Cir. 1998). Any amendment to allow a hostile work environment claim would be futile. Further, Count 4 specifically cites to Title VII's anti-retaliation provision.

*Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 377 (4th Cir. 2004) (*quoting Von Gunten v. Maryland*, 243 F.3d 858, 867 (4th Cir. 2001)).

Given the procedural posture of this case and under the liberal standard of Federal Rule of Civil Procedure 15(a), Macon has sufficiently pled an adverse employment action, and the Court will allow him the opportunity to develop the record and conduct discovery as to this claim. *See Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff *may* be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.") (emphasis added).

Allowing the addition of the retaliation claim will not unduly prejudice DuPont. First, the retaliation claim is not inconsistent with Macon's other claims rising under Title VII. Thus, amendment would not unduly change the nature of the litigation or alter the theory of the case. Second, any minimal prejudice resulting from the upcoming close of discovery may be relieved by allowing limited, additional discovery as to the retaliation claim without altering the current briefing schedule. Because the Court has not yet scheduled trial, DuPont has not incurred litigation costs, nor prejudice, in that arena either.

Because amendment would not be futile and would not unduly prejudice DuPont, the Court will allow Macon's retaliation claim to proceed.

### D. Count 5: Virginia Personnel Act

In Count 5, Macon seeks to add a claim under the Virginia Personnel Act, based on DuPont's alleged failure to adequately disclose its grievance procedure. (Proposed Am. Compl. ¶¶ 44-46.) DuPont contends that such amendment would be futile because the Virginia Personnel Act only applies to public or government employees.

The Virginia Personnel Act was enacted to "ensure *for the Commonwealth* a system of personnel administration based on merit principles and objective methods of appointment, promotion, transfer, layoff, removal, discipline, and other incidents of *state employment.*" Va. Code § 2.2-2900 (emphasis added). The Act lists the "polic[ies] of the *Commonwealth, as an employer,*" Va. Code § 2.2-3000(A) (emphasis added), and states that "all nonprobationary *state employees* shall be covered by the grievance procedure established pursuant to this chapter . . . ." Va. Code § 2.2-3001(A) (emphasis added). The state grievance procedure only applies to state employees. *See Pound v. Dep't of Game & Inland Fisheries*, 577 S.E.2d 533, 535 (Va. Ct. App. 2003). Virginia statutes also require local governments to maintain a grievance procedure in certain circumstances. Va. Code §§ 15.2-1506, 1507.

Because Macon's proposed amended complaint does not allege that DuPont is a state or local government employer, and indeed appears to allege that DuPont is a private employer, allowing amendment to include Count 5 would be futile. The Motion to Amend to add Count 5 is DENIED.

## IV. Conclusion

Upon review of the parties' motions and memoranda in support thereof, and considering the liberal notice pleading standard of Rule 15(a), Macon should be granted leave to file his amended complaint to the extent that such amendment would not be futile. Macon is granted leave to file his amended complaint, but may only proceed as to Counts 1, 2, and 4. Further, Counts 1 and 2 shall be prescribed by the applicable statutes of limitations as discussed above. Because amendment would be futile, Macon may not proceed on Counts 3 and 5.

For the foregoing reasons, the Court will GRANT IN PART and DENY IN PART Macon's Motion to Amend. (Docket No. 33.)

An appropriate Order will issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 5-13-11